[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
In his pro se habeas corpus petition, this inmate questions the computation of his predisposition jail time credit. He argues that his total effective sentence should be affected by a single pre-disposition number of days, running from September 17, 1997 (his arrest date) to October 21, 1998 (his sentencing date).
The corrections department agrees with respect to four of the five files on which the petitioner was sentenced, but argues that as to the remaining file, the credit is considerably less.
The circumstances giving rise to this dispute occurred in this fashion. The petitioner was arrested on a weapons charge in case #435046 in New Haven Superior Court, G.A. 6 and made bond on April 28, 1997. He was re-arrested on September 17, 1997 at which time the court file in #435046 shows that case was continued. He was held in lieu of bond on the other four files There appears to be no doubt that he was confined on September 17, 1997.
On October 21, 1998, pursuant to extended plea bargaining, the petitioner having pleaded guilty on all five files, received four concurrent sentences of four and a half years and a concurrent sentence of three years for a total effective sentence of four and a half years.
A review of the sentencing remarks reflects that the understanding of the petitioner, his counsel and the prosecutor was for a single sentence to apply to all charges. The petitioner's counsel was apparently aware of CT Page 5004 the fact there had been a bond set in the file in question. Unfortunately in file #435046, there is no record of any action having been taken to modify the petitioner's status with respect to the bond. Thus, the corrections department is correct in its computation of credits and release dates as, on the records and technically, the petitioner was not being held "unable to make bond" and is therefore not entitled to pre-disposition credit on #435046.
 DISCUSSION
The court's assessment of this matter is that a strict adherence to the law has produced a harsh and unintended result. As noted above, the intention of all concerned was for a single sentence on all charges.
Counsel for the respondent suggested at the hearing on this petition that the proper recourse for the petitioner was a habeas corpus petitioner alleging ineffective assistance of counsel. In order for that avenue to produce the proper result, it would have to move through the system in rapid fashion. The relief would probably entail a vacating of the prior disposition and a resentencing. Another possibility would be to seek prosecutorial cooperation and have #435046 addressed separately. This pre-supposes a finding of ineffective assistance.
In any event, that route would be a time consuming one and even if the petitioner eventually prevailed, the result might come well after the release date he claims is the proper one.
 CONCLUSION
It is therefore the conclusion of the court that the interest of judicial economy, and efficiency and more importantly the interests of justice would be best served by application of the court's equitable powers.
The Department of Corrections is therefore ordered to re-compute the petitioner's pre-disposition credit so as to treat file #435046 as though the petitioner's bond in that file had been revoked or raised on September 17, 1997, with the objective being to have him earn his credited time on that file from that date.
The petition is therefore granted in accordance with this decision.
Anthony V. DeMayo, Judge Trial Referee